**Ex Parte Alexander TARANGO.**

**No. 08–03–00210–CR.**

Court of Appeals of Texas,
El Paso.

July 24, 2003.

Michael R. Gibson, El Paso, for Appellant.

Jaime E. Esparza, Dist. Atty., El Paso, Stephen L. Mitchell, Culberson County Atty., Van Horn, for State.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Alexander Tarango appeals from an order denying habeas corpus relief. The issue before us is whether the notice of appeal must comply with the certification requirement found in Rule 25.2(d) of the Texas Rules of Appellate Procedure. Concluding that it must, we order Tarango to amend his notice of appeal to comply with the certification requirement.

### FACTUAL SUMMARY

On September 18, 2002, Tarango was convicted of criminal trespass, a misdemeanor, in the County Court of Culberson County in a case styled *The State of Texas v. Alexander Tarango* (cause number 4160). Tarango subsequently filed a petition for writ of habeas corpus in the 205th District Court of Culberson County, Kenneth DeHart, J. Following an evidentiary hearing, the District Court denied relief on March 24, 2003. Tarango timely filed a notice of appeal on April 2, 2003. *See* Tex.R.App.P. 31. The notice of appeal did not contain the trial court's certification as required by Tex.R.App.P. 25.2(d). Upon receipt of the notice of appeal, the Clerk's Office wrote to Tarango's counsel requesting that he address the issue whether Tarango's notice of appeal is required to comply with Rule 25.2(d). Counsel has filed a response on behalf of Tarango in which he argues that the certification requirement does not apply to appeals from an order denying habeas corpus relief.

### THE CERTIFICATION REQUIREMENT

Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case:

A defendant in a criminal case has the right of appeal under Code of Criminal

Procedure article 44.02 and these rules. *The trial court shall enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order.* In a plea bargain case—that is, a case in which defendant's plea is guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial, or

(B) after getting the trial court's permission to appeal.

[Emphasis added]. Tex.R.App.P. 25.2(a)(2).

Rule 25.2(d) addresses the certification requirement at issue in this case. The rule requires that the trial court certify whether the defendant has a right of appeal under Rule 25.2(a)(2). Tex.R.App.P. 25.2(d).[1] Rule 25.2(a)(2), in turn, requires that the trial court enter a certification of the defendant's right of appeal *in every case* in which it enters a judgment of guilt *or other appealable order.* Tex.R.App.P. 25.2(a)(2). The appeal must be dismissed if a certification showing the defendant has the right of appeal has not been made part of the record under the Rules of Appellate Procedure. Tex.R.App.P. 25.2(d).

Without citing any authority, Tarango first asserts that habeas corpus "has been universally held to be a civil action." Since Rule 25.2 only applies to criminal cases where a defendant has a right of appeal pursuant to Article 44.02,[2] he reasons that Rule 25.2(d)'s certification requirement applies only to those defendants pursuing a direct appeal from a conviction or who are appealing some other appealable order in a criminal prosecution and does not apply in an appeal from the denial of habeas corpus relief. We disagree.

The habeas corpus proceeding brought by Tarango under the auspices of the Code of Criminal Procedure is a criminal, not a civil, proceeding. By his habeas corpus petition, Tarango collaterally attacked his misdemeanor conviction for criminal trespass. Although Tarango cited Article 11.01 of the Code of Criminal Procedure as the sole authority for his habeas corpus petition, the governing statute is Article 11.09 as it authorizes writs of habeas corpus in misdemeanor cases. *See* Tex.Code Crim.Proc.Ann. arts. 11.01, 11.09 (Vernon 1977). Tarango invoked the district court's jurisdiction to grant habeas corpus relief in misdemeanor cases pursuant to Article 11.05. *See* Tex.Code Crim.Proc. Ann. art. 11.05; *State ex rel. Rodriguez v. Onion,* 741 S.W.2d 433, 434 (Tex.Crim. App.1987).[3] This Court has previously held that a writ of habeas corpus proceed-

1. "If the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2). The certification should be part of the record when notice is filed, but may be added by timely amendment or supplementation under this rule or Rule 34.5(c)(1) or Rule 37.1 or by order of the appellate court under Rule 34.5(c)(2). The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." Tex.R.App.P. 25.2(d).

2. Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1979).

3. Although Article 11.09 of the Code of Criminal Procedure provides that an application for a writ of habeas corpus in a misdemeanor case should be filed in the county court, the statute is merely advisory and does not deprive the district court of its jurisdiction to hear post-conviction habeas corpus petitions in misdemeanor cases. *State ex rel. Rodriguez v. Onion,* 741 S.W.2d 433, 434 (Tex.Crim.App. 1987).

ing brought pursuant to Article 11 of the Code of Criminal Procedure is a criminal proceeding. *Gibson v. State,* 921 S.W.2d 747, 753 (Tex.App.-El Paso 1996, writ denied).[4]

■ Further, Tarango's appeal of the denial of habeas corpus relief is a criminal action within the meaning of Article 44.02, which provides that a defendant *in any criminal action* has the right of appeal under the rules "hereinafter prescribed" in the Code of Criminal Procedure. TEX. CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979). Prior to a 1985 amendment moving the provision to the Rules of Appellate Procedure, Article 44.34 of the Code of Criminal Procedure provided for the right to appeal from denial of habeas corpus relief. Acts 1981, 67th Leg., R.S., ch. 291, § 140, 1981 TEX.GEN.LAWS 818, *repealed by* Acts 1985, 69th Leg., R.S., ch. 685, § 4, 1985 TEX.GEN.LAWS 2472 (current version found at TEX.R.APP.P. 31). It is well established that appeals from the denial of relief sought in misdemeanor post-conviction writs of habeas corpus are properly directed to the intermediate courts of appeals. *See Ex parte Jordan,* 659 S.W.2d 827, 828 (Tex.Crim.App.1983); *Dahesh v. State,* 51 S.W.3d 300, 302 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd); *see also* TEX. R.APP.P. 31 (governing appeals from habeas corpus proceedings). Because a misdemeanor post-conviction writ of habeas corpus proceeding is an appealable criminal action within the meaning of Article 44.02 and the order denying habeas corpus relief is an appealable order within the meaning of Rule 25.2(a)(2), we conclude that the certification requirement of Rule 25.2(d) applies in the instant appeal.

It is necessary to address a second argument raised by Tarango. He asserts that if the certification requirement applies, then it will operate to preclude anyone from ever appealing the denial of habeas corpus relief because the trial court will be required to certify that the appeal is not for a jurisdictional defect, the substance of the appeal was not raised by written motion and ruled on before trial, and the trial court has not granted permission to appeal. Apparently, Tarango mistakenly believes that the certification requirement applies only to guilty pleas. To the contrary, Rules 25.2(a)(2) and (d) apply to judgments entered following a jury trial and to appealable orders. A review of the certification form recommended by the Court of Criminal Appeals reflects that the trial court has five choices available when certifying the defendant's right of appeal in a criminal case. The form provides as follows:

I, judge of the trial court, certify this criminal case:

☐ is not a plea-bargain case, and the defendant has the right of appeal. [*or*]

☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [*or*]

☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [*or*]

☐ is a plea-bargain case, and the defendant has NO right of appeal. [*or*]

☐ the defendant has waived the right of appeal.

TEX.R.APP.P. 25.2(a)(2), Appendix (Trial Court's Certification of Defendant's Right of Appeal).

In this particular case, the trial court would be required to certify that the criminal case "is not a plea-bargain case, and the defendant has the right of appeal."

---

4. Tarango's counsel was the petitioner in *Gibson.*

Thus, the application of Rule 25.2 does not deprive Tarango of the right to appeal. Tarango is directed to file an amended notice of appeal in the appellate court no later than thirty days after the issuance of this opinion. If Tarango fails to comply with Rule 25.2(d), his appeal will be dismissed pursuant to Rule 25.2(d) without further notice.