NO. 07-07-0332-CR
07-07-0333-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 23, 2008
_____

EX PARTE ALBERT V. JESSEP
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,224-A, 51,225-A; HONORABLE HAL MINER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ABATEMENT AND REMAND**

Appellant Albert V. Jessep, acting *pro se,* appeals the trial court's denial of his

requests for habeas corpus relief, pursuant to article 11.072 of the Texas Code of Criminal

Procedure, from orders imposing community supervision in two possession of child

pornography cases.[1]  The clerk's record was filed on September 21, 2007.  A supplemental

---

[1] By two July 2005 indictments, appellant was charged with two possession of child pornography offenses.  Tex. Penal Code Ann. § 43.26 (Vernon 2003).  Appellant pled guilty in April 2006.  The trial court deferred an adjudication of appellant's guilt and placed him on community supervision for a period of five years.  After a failed attempt to appeal, appellant filed an application, and two amended applications, for writs of habeas corpus. On October 29, 2007, the trial court denied relief in each case. Appellant now attempts to appeal in each of these causes pursuant to Article 11.072, § 8 of the Texas Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art. 11.072, § 8 (Vernon 2003).

clerk's record was filed on September 28, 2007. A second supplemental clerk's record was filed on October 29, 2007.

Neither the clerk's record or the supplemental clerk's records contain a certification by the trial court of appellant's right of appeal under Texas Rule of Appellant Procedure 25.2(d). Rule 25 requires the trial court to enter such a certification "each time it enters a judgment of guilt or other appealable order." Tex. R. App. P. 25.2(a)(2). Courts have required certification of the right to appeal orders denying habeas corpus relief under other provisions of Chapter 11 of the Code of Criminal Procedure. *See Maydon v. State,* 141 S.W.3d 851, 853 (Tex.App.–Corpus Christi 2004, no pet.); *Ex parte Llast*, No. 05-03-000991-CR, 2004 WL 100404, *1 (Tex.App.–Dallas, Jan. 22 2004, no pet.); *Ex parte Tarango,* 116 S.W.3d 201, 202 (Tex.App.–El Paso 2003, no pet.). Following the plain language of Rule 25.2, we find certification is required as well of appellant's right to appeal denial of his petitions under Code of Criminal Procedure article 11.072.[2]

Consequently, we abate these appeals and remand the causes to the trial court for further proceedings. On remand, the trial court shall utilize whatever means necessary to secure, for each cause, a Certification of Defendant's Right of Appeal in compliance with Texas Rule of Appellate Procedure 25.2(d), regarding appellant's appeal of the trial court's denial of his requests for habeas corpus. Once executed, the certifications shall be

---

[2] We acknowledge that section 8 of article 11.072 expressly provides for appeal of denials of petitions filed under that article, but find it is not necessarily inconsistent with the requirement of certification under the rule of appellate procedure.

included in a supplemental clerk's record and filed with this Court on or before February 25, 2008.

It is so ordered.

Per Curiam

Do not publish.