# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-14-00086-CR

**Sergio Delgado Dominguez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-05-205935-A, HONORABLE KAREN SAGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

In 2009, appellant Sergio Delgado Dominguez pleaded guilty to the offense of attempted possession of a controlled substance, a Class A misdemeanor, and was placed on deferred-adjudication community supervision for a period of two years. Subsequently, the State filed a motion to proceed with an adjudication of guilt, which the district court granted following Dominguez's plea of true to the allegations in the motion. On June 21, 2013, the district court entered a certification indicating that Dominguez had no right to appeal the judgment adjudicating guilt because Dominguez had waived the right of appeal from that judgment.

On September 11, 2013, Dominguez filed an application for writ of habeas corpus in which he alleged that trial counsel had rendered ineffective assistance in failing to warn him of the immigration consequences of his original guilty plea.[1] In a written order, the district court denied the application. Subsequently, Dominguez requested that the district court enter a certification of

---

[1] *See Padilla v. Kentucky*, 599 U.S. 356, 367-68 (2010).

his right to appeal that order. The district court denied the request, noting that "Defendant entered a plea of true and waiver of appeal on 6/21/13." Thus, the record contains no certification of Dominguez's right to appeal the order denying his application for writ of habeas corpus.

The appellate rules provide that "the trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt *or other appealable order*." Tex. R. App. P. 25.2(a)(2) (emphasis added). The denial of an application for a writ of habeas corpus in a misdemeanor case is an appealable order. *See* Tex. Code Crim. Proc. arts. 11.05, 11.072, 11.09, 44.02; *Ex parte Jordan*, 659 S.W.2d 827, 828 (Tex. Crim. App. 1983); *Ex parte Tarango*, 116 S.W.3d 201, 203 (Tex. App.—El Paso 2003, no pet.); *Dahesh v. State*, 51 S.W.3d 300, 302 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

As there is no certification in the record of Dominguez's right to appeal the district court's order denying his application for writ of habeas corpus, we must abate the appeal to obtain the required certification from the district court. *See* Tex. R. App. P. 25.2(a)(2), (d), (f), 34.5(c), 37.1; *Cortez v. State*, No. PD-1349-12, ___ S.W.3d ___, 2013 Tex. Crim. App. LEXIS 1323, at *8-9 (Tex. Crim. App. Sept. 18, 2013); *Tarango*, 116 S.W.3d at 203-04. Once entered, the certification shall be included in a supplemental clerk's record and filed with this Court no later than April 14, 2014.

Before Chief Justice Jones, Justices Pemberton and Rose

Abated

Filed: March 28, 2014

Do Not Publish