**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:        Ex Parte Dustin Wayne Glenn

Appellate case number:    01-14-00042-CR and 01-14-00195-CR

Trial court case number:  CV-70368 and CV-70369

Trial court:                         County Court at Law No. 3 of Galveston County

The Clerk of the Court has examined the clerk's records and has found that they do not comport with the Texas Rules of Appellate Procedure in that the clerk's records do not include a copy of the trial court's certification of appellant's right of appeal. *See* TEX. R. APP. P. 25.2(d), 34.5(a)(12), 37.1; *see also Ex parte Tarango*, 116 S.W.3d 201, 203 (Tex. App.—El Paso 2003, no pet.). This order constitutes notice to all parties of the defective certifications. *See* TEX. R. APP. P. 37.1.

Accordingly, we abate the appeals and remand the causes to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, David Robert Suhler, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

We direct the trial court to:

1) Execute certifications of appellant's right to appeal, one indicating whether or not appellant has the right to appeal in trial court cause number CV-70368 and one indicating whether appellant has the right to appeal in trial court cause number CV-70369; and
2) Make any other findings and recommendations the trial court deems appropriate.

---

1    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant.  On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

*See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 37.1.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file (1) a supplemental clerk's record in Cause No. 01-14-00042-CR containing the certification of appellant's right to appeal in trial court cause number CV-70368 and any other findings, recommendations, and orders of the trial court, and (2) a supplemental clerk's record in Cause No. 01-14-00195-CR containing the certification of appellant's right to appeal in trial court cause number CV-70369 and any other findings, recommendations, and orders of the trial court, with this Court no later than 30 days from the date of this order. *See* TEX. R. APP. P. 34.5(c)(2).

The appeals are abated, treated as closed cases, and removed from this Court's active docket. The appeals will be reinstated on this Court's active docket when supplemental clerk's records are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ Terry Jennings
               ☑ Acting individually    ☐ Acting for the Court

Date: April 10, 2014