

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EX PARTE: JESUS GARCIA. | § | No. 08-14-00155-CR |
| | § | Appeal from the |
| | § | 120th District Court |
| | § | of El Paso County, Texas |
| | § | (TC#2013DCV1647) |
| | § | |

# **O R D E R**

On May 29, 2014, the Court notified the trial court and parties that a certification of the defendant's right to appeal had not been filed in the above-styled and numbered appeal and we directed Appellant to remedy the defect within thirty days. The notice further advised Appellant that the appeal would be dismissed without further notice if he failed to do so. Appellant has filed a response stating the trial court is not required to enter a certification of the right to appeal because Appellant is appealing an order denying habeas corpus relief. This Court has previously held that the certification requirement of Rule 25.2(d) applies to an appeal from an order denying habeas corpus relief in a misdemeanor post-conviction writ of habeas corpus proceeding. *Ex parte Tarango*, 116 S.W.3d 201, 202-03 (Tex.App.--El Paso 2003, no pet.). Therefore, the trial court is required to enter a certification in the instant case.

Because there is no certification in the record of Appellant's right to appeal the order denying his application for writ of habeas corpus, we are required to order the trial court to enter the certification required by Rule 25.2(d). *See* TEX.R.APP.P. 25.2(a)(2), (d), (f), 34.5(c), 37.1; *Cortez v. State*, 420 S.W.3d 803, 806-07 (Tex.Crim.App. 2013). Accordingly, we order the trial court to enter a certification of the defendant's right to appeal within thirty days from the date of this order. Once entered, the certification shall be filed with the trial court clerk and included in a supplemental clerk's record and filed with this Court no later than September 8, 2014.

IT IS SO ORDERED THIS 25TH DAY OF JULY, 2014.

PER CURIAM

Before McClure, C.J., Rivera and Rodriguez, JJ.

2