COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:       Ex Parte Nii-Otabil Nelson

Appellate case number:    01-14-00924-CR

Trial court case number:    1372073A

Trial court:                        182nd Judicial District Court of Harris County

Appellant, Nii-Otabil Nelson, has perfected his appeal from the trial court's September 22, 2014 order denying his application for a writ of habeas corpus, under Texas Code of Criminal Procedure Article 11.072. Appellant, through counsel, alleges that his trial counsel provided ineffective assistance which led to his pleading guilty to a misdemeanor and receiving community supervision for eighteen months. We abate the appeal and remand the cause to the trial court for further proceedings.

First, the Clerk of the Court has examined the clerk's record and found that it does not comport with the Texas Rules of Appellate Procedure in that it does not include the trial court's certification of appellant's right of appeal. *See* TEX. R. APP. P. 25.2(d), 34.5(a)(12), 37.1; TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8 (West Supp. 2014); *see also Ex parte Tarango*, 116 S.W.3d 201, 203 (Tex. App.—El Paso 2003, no pet.). This order constitutes notice to all parties of the defective certification. *See* TEX. R. APP. P. 37.1.

Second, the trial court held a writ hearing by affidavit on August 28, 2014, on appellant's habeas application. On September 22, 2014, the trial court signed findings of fact or conclusions of law including an order denying habeas relief. Although the findings stated that the trial court reviewed the evidence and testimony at the hearing, and referred to a motion for discovery filed by appellant's trial counsel, Anthony T. Simmons, no affidavit by appellant or his trial counsel, or other evidentiary documents that may have been considered by the trial court, were included in the clerk's record filed in this Court on November 18, 2014. On December 2, 2014, the court reporter confirmed that no record was taken and did not submit any exhibits that may have been submitted.

Although "there is nothing irregular about the use of affidavits to accompany an application for writ of habeas corpus under article 11.072," *Ex Parte Zantos-Cuebas*, 429 S.W.3d 83, 91 (Tex. App.—Houston [1st Dist.] 2014, no pet.), remand is necessary here because the clerk's record did not include any affidavits that may have been attached to the application or any other documents that the trial court may have used in its determination. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 6(b) (stating that, "[i]n making its determination, the [habeas] court may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection."); *see also* TEX. R. APP. P. 44.4(b) (stating that if the trial court can correct its action or failure to act, the court of appeals must direct the trial court to correct the error).

Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Lott J. Brooks, III, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

We direct the trial court to:

1) execute a certification of appellant's right to appeal, indicating whether appellant has the right to appeal the denial of his application;

2) determine whether any documents from this cause have been omitted from the clerk's record filed with this Court on November 18, 2014;

3) determine, if documents from this cause were omitted from the clerk's record on file with this Court, whether the documents were filed with the trial clerk in this cause, and if so, order the trial clerk to prepare, certify and file a supplemental clerk's record containing the missing documents of the proceedings;

4) determine, if any documents were not filed with the trial clerk in this cause or were omitted from the clerk's record on file with this Court and cannot be filed with the trial clerk and prepared, certified, and filed with the supplemental clerk's record:

   a. Whether the lost or destroyed portion of the clerk's record is necessary to the appeal's resolution; and

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

> b. Whether the lost or destroyed portion of the clerk's record can be replaced by agreement of the parties;

5) determine if there are any other documents from the proceedings below, including from the underlying Cause No. 1372073, that may have been considered by the trial court or are considered relevant by the trial court for this appeal, have been omitted from the clerk's record, but can be prepared, certified, and filed with the trial clerk, and order the trial clerk to file those documents with the supplemental clerk's record;

6) make any other findings and recommendations the trial court deems appropriate; and

7) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. GOV'T CODE ANN. § 52.046 (West 2013); TEX. R. APP. P. 13.1(a), 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 34.6(a)(1), (d), (e)(2), (3), (f), 35.3(b), (c), 37.1, 44.4(b). The trial court coordinator shall set a hearing date no later than 30 days from the date of this order and notify the parties. The trial court shall have a court reporter record the hearing and file a reporter's record with this Court within 30 days of the date of the hearing. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this hearing.

Accordingly, the trial court clerk is directed to file a supplemental clerk's record containing: (1) the certification of appellant's right of appeal the denial of his habeas application; including any findings of fact or conclusions of law made by the trial court; and (2) any missing affidavits or other documents the trial court may have considered in making its determination or deems relevant for appeal, including any findings of fact or conclusions of law made by the trial court. The supplemental clerk's record shall be filed with this Court no later than 30 days from the date of the hearing. *See* TEX. R. APP. P. 34.5(c)(2).

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record are filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature: /s/ <u>Laura C. Higley</u>
            ☒ Acting individually    ☐ Acting for the Court

Date: December 18, 2014

3