COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Ex Parte Jose E. Duque

Appellate case number:     01-15-00014-CR

Trial court case number:    1363049-A

Trial court:                        184th Judicial District Court of Harris County

Appellant, Jose Duque, has perfected his appeal from the trial court's November 21, 2014 order denying his application for a writ of habeas corpus, under Texas Code of Criminal Procedure Article 11.072. Appellant, through counsel, alleges that his trial counsel provided ineffective assistance by failing to advise him that he faced mandatory deportation as a result of his guilty plea to the third-degree felony offense of assault-family member/impeding breath for which he received two years' deferred adjudication community supervision, pursuant to *Padilla v. Kentucky*, 559 U.S. 356 (2010). The reporter's record of the writ hearing, in which appellant and four other witnesses testified, was filed on January 13, 2015.

First, the Clerk of the Court has examined the clerk's record filed with this Court on January 8, 2015, and found that it does not comport with the Texas Rules of Appellate Procedure in that it does not include the trial court's certification of appellant's right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d), 34.5(a)(12), 37.1; TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8 (West Supp. 2014); *see also Ex parte Tarango*, 116 S.W.3d 201, 203 (Tex. App.—El Paso 2003, no pet.). This order constitutes notice to all parties of the defective certification. *See* TEX. R. APP. P. 37.1.

Second, although the trial court's November 21, 2014 findings of fact, conclusions of law and order referred to State's Exhibits A-F, all the exhibits are properly attached as cited to in that order except for State's Exhibit E. While State's Exhibit E is cited as "Plea Papers," on page 3, ¶15, of the order, the attached Exhibit E appears to be the criminal information/waiver of indictment. Thus, remand is necessary here because the clerk's record did not include appellant's waiver of constitutional rights and any plea

admonishment papers as referred to in the trial court's order. *See* TEX. R. APP. P. 44.4(b) (stating that if the trial court can correct its action or failure to act, the court of appeals must direct the trial court to correct the error).

Accordingly, we abate the appeal and remand the cause to the trial court to execute a certification of appellant's right of appeal of the denial of his habeas application. *See* TEX. R. APP. P. 25.2(a)(2), (d). On remand, the trial court may, but need not, conduct another hearing or issue additional findings and conclusions. If the trial court certifies that appellant has the right of appeal, it may, but need not, have the appellant sign the certification.

In addition, the trial court clerk is directed to file a supplemental clerk's record including the waiver of constitutional rights and plea admonishment papers, plus any other documents from the underlying Cause No. 1363049 that may have been considered by the trial court in its November 21, 2014 order which may have been omitted from the clerk's record. The supplemental clerk's record containing the certification and any missing documents shall be filed with this Court no later than 15 days from the date of this order, if no hearing is held, or 15 days from the date of the hearing if one is held. *See* TEX. R. APP. P. 34.5(c)(2). If the trial court chooses to hold another hearing, the trial court shall have a court reporter record the hearing and file a reporter's record with this Court within 30 days of the date of the hearing.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order is filed with the Clerk of this Court for each cause number.

It is so ORDERED.

Judge's signature: /s/ <u>Laura C. Higley</u>
                       ☒ Acting individually     ☐ Acting for the Court

Date: February 10, 2015