**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER OF ABATEMENT**

Appellate case name:     Ex Parte Tulio Wilfredo Escobar

Appellate case number:   01-15-00154-CR

Trial court case number: 1329944-A

Trial court:             351st District Court of Harris County

Appellant, Tulio Wilfredo Escobar, has perfected an appeal from the trial court's order denying his application for a writ of habeas corpus. We abate the appeal and remand the cause to the trial court for further proceedings.

First, the Clerk of the Court has examined the clerk's record and found that it does not comport with the Texas Rules of Appellate Procedure in that it does not include a copy of the trial court's certification of appellant's right of appeal. *See* TEX. R. APP. P. 25.2(d), 34.5(a)(12), 37.1; *see also Ex parte Tarango*, 116 S.W.3d 201, 203 (Tex. App.—El Paso 2003, no pet.). This order constitutes notice to all parties of the defective certification. *See* TEX. R. APP. P. 37.1.

Accordingly, the trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Tom Abbate, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

We direct the trial court to:

1) execute a certification of appellant's right to appeal, indicating whether appellant has the right to appeal; and
2) make any other findings and recommendations the trial court deems appropriate.

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and her counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

*See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 37.1. The trial court coordinator shall set a hearing date and notify the parties. The trial court shall have a court reporter, or court recorder, record the hearing.

Second, although the trial court held a hearing on appellant's application and signed a "Court Directive Order" denying relief, no findings of fact or conclusions of law are included in the order or with the clerk's record filed in this Court, as article 11.072, § 7(a) of the Texas Code of Criminal Procedure requires. We, therefore, remand the cause for the trial court to enter written findings of fact and conclusions of law, separate and apart from any docket sheet notations in this case, in conjunction with the trial court's denial of appellant's application for a writ of habeas corpus. *See Ex parte Villanueva*, 252 S.W.3d 391, 396 (Tex. Crim. App. 2008) (quoting TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) (West Supp. 2014)) ("'If the court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous.'"; otherwise trial court is required to enter findings of fact and conclusions of law along with written order); *Ex parte Zantos-Cuebas*, 429 S.W3d 83, 91–92 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (remanding case for entry of findings of fact and conclusions of law after holding that trial court erred in denying application as frivolous). We direct the trial court to make the appropriate findings and conclusions.

The trial court clerk is directed to file a supplemental clerk's record containing (1) the certification of appellant's right of appeal, (2) the trial court's findings of fact and conclusions of law in conjunction with the denial of appellant's application for a writ of habeas corpus, and (3) any other findings and recommendations the trial court deems appropriate. The supplemental clerk's record shall be filed with this Court no later than 30 days from the date of this order. *See* TEX. R. APP. P. 34.5(c)(2).

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature: /s/ <u>Russell Lloyd</u>
                        ☑ Acting individually

Date: March 5, 2015