COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:    Ex Parte Lee August Ludtke

Appellate case number:   01-15-00719-CR

Trial court case number:  1329042-A

Trial court:                174th District Court of Harris County

Appellant, Lee August Ludtke, has filed a notice of appeal of the trial court's "Directive Order" denying his application for a writ of habeas corpus. We abate the appeal and remand the cause to the trial court for further proceedings.

The Clerk of the Court has examined the clerk's record and found that it does not comport with the Texas Rules of Appellate Procedure in that it does not include a copy of the trial court's certification of appellant's right of appeal. *See* TEX. R. APP. P. 25.2(d), 34.5(a)(12), 37.1; *see also Ex parte Tarango*, 116 S.W.3d 201, 203 (Tex. App.—El Paso 2003, no pet.). This order constitutes notice to all parties of the defective certification. *See* TEX. R. APP. P. 37.1.

Accordingly, the trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Fred Dahr, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

We direct the trial court to:

1) execute a certification of appellant's right to appeal, indicating whether appellant has the right to appeal; and
2) make any other findings and recommendations the trial court deems appropriate.

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and her counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

*See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 37.1. The trial court coordinator shall set a hearing date and notify the parties. The trial court shall have a court reporter, or court recorder, record the hearing.

The trial court clerk is directed to file a supplemental clerk's record containing (1) the certification of appellant's right of appeal, and (2) any other findings, recommendations, or other orders the trial court deems appropriate. The supplemental clerk's record shall be filed with this Court no later than 30 days from the date of this order. *See* TEX. R. APP. P. 34.5(c)(2).

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court.

It is so ORDERED.


Judge's signature: /s/ Terry Jennings
                    ☑ Acting individually    ☐ Acting for the Court


Date:  September 3, 2015