COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



CONTINUING ABATEMENT ORDER

Appellate case name:       Erik Catorce Madrid v. The State of Texas

Appellate case number:    01-15-00977-CR

Trial court case number:  1970160

Trial court:                    County Criminal Court at Law No 4 of Harris County

On December 8, 2015, this Court issued an order, abating the appeal and directing the trial court to supplement the clerk's record with the trial court's certification of the defendant's right to appeal, or if none was previously entered, to hold a hearing and execute a certification and forward it to this Court in a supplemental clerk's record. We asked that this occur by January 7, 2016. To date, we have not received a supplemental clerk's record. Accordingly, we issue the following continuing abatement order.

The clerk's record does not include a copy of the trial court's certification of appellant's right of appeal. *See* TEX. R. APP. P. 25.2(d), 34.5(a)(12), 37.1; *see also Ex parte Tarango*, 116 S.W.3d 201, 203 (Tex. App.—El Paso 2003, no pet.). If the trial court executed a certification, the trial court clerk is directed to supplement the clerk's record with this certification. If no certification has been executed, we direct the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, if any, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

We direct the trial court to:

1) Execute a certification of appellant's right to appeal; and
2) Make any other findings and recommendations the trial court deems appropriate.

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

*See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 37.1.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the certification of appellant's right to appeal and any other findings, recommendations, and orders of the trial court, with this Court **no later than 15 days from the date of this order**. *See* TEX. R. APP. P. 34.5(c)(2).

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ Rebeca Huddle
                    ☒  Acting individually

Date:  January 26, 2016