COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| | § | |
| EX PARTE: MARCO ANTONIO HINOJOS, | § | No. 08-17-00077-CR |
| | § | Appeal from the |
| Appellant. | § | County Criminal Court No. 2 |
| | § | of El Paso County, Texas |
| | § | (TC# 2017DCV0406) |
| | § | |

## **O R D E R**

On April 27, 2017, the Court issued an order directing the trial court to enter a certification of the defendant's right to appeal in accordance with TEX.R.APP.P. 25.2(a)(2), (d). Counsel for Appellant has filed a letter challenging the validity of the order. The Court has construed Appellant's letter as a motion to reconsider our order.

Without citing any authority, Appellant asserts that Rule 25.2 is inapplicable to this appeal because a writ of habeas corpus is a civil proceeding. Appellant's counsel made this same argument in two other appeals, and the Court rejected the argument in each case. *See Ex parte Tarango*, 116 S.W.3d 201, 202 (Tex.App.--El Paso 2003, no pet.); *Ex parte Woodall*, No. 08-03-00184-CR, 2003 WL 21711397 at *2 (Tex.App.--El Paso July 24, 2003, no pet.)(not designated for publication). The instant case is indistinguishable from *Tarango* and *Woodall*.

Appellant is charged by information with the misdemeanor offense of harassment, and he

1

challenged the constitutionality of the criminal statute by filing a pre-trial application for writ of habeas corpus pursuant to article 11.09. *See* TEX.CODE CRIM.PROC.ANN. art. 11.09. Even though this clearly is a criminal proceeding, the El Paso County Clerk assigned a civil number to the petition for writ of habeas corpus. This is a longstanding practice of the El Paso County Clerk and the El Paso County District Clerk, and it is a practice which has repeatedly caused confusion for appellate practitioners and this Court. Regardless of what designation is assigned to the writ application by the El Paso County Clerk, we conclude that this is a "criminal action" within the meaning of Article 44.02 of the Code of Criminal Procedure and a "criminal case" within the meaning of Rule 25.2(a)(2). Consequently, the trial court must comply with Rule 25.2(d) by entering a certification of Appellant's right to appeal the order denying habeas corpus relief. *See Ex parte Tarango*, 116 S.W.3d at 202; *Ex parte Woodall*, 2003 WL 21711397 at *2; *see also Ex parte Delgado*, No. 08-05-00306-CR, 2005 WL 3333832 (Tex.App.--El Paso December 8, 2005, no pet.)(dismissing appeal from order denying habeas corpus relief because record did not include the trial court's certification of the defendant's right to appeal). Appellant's request to reconsider our order is DENIED.

IT IS SO ORDERED this 4th day of May, 2017.

PER CURIAM

Before McClure, C.J., Rodriguez and Palafox, JJ.