COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Ex Parte Jesse Andrew Lopez

Appellate case number:    01-17-00586-CR

Trial court case number:   17-DCR-077033

Trial court:                 268th District Court of Fort Bend County

Appellant, Jesse Andrew Lopez, has filed a notice of appeal of the trial court's denial of his pretrial habeas corpus application seeking a bond reduction. The clerk's record was filed in this appeal on August 1, 2017. However, the clerk's record does not include a signed, written order denying appellant's requested habeas relief but includes a copy of a trial court docket sheet with handwritten notes. A docket sheet entry is insufficient to invoke this Court's jurisdiction. *See Shaw v. State*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.); *see also Ex parte Valero*, No. 03-16-00859-CR, 2017 WL 876030, at *1 (Tex. App.—Austin Feb. 28, 2017, order) (mem. op., not designated for publication); *Broussard v. State*, No. 01-10-00458-CR, 2010 WL 4056861, at *1–2 (Tex. App.—Houston [1st Dist.] Oct. 14, 2010, no pet.) (mem. op., not designated for publication).

Further, the clerk's record does not include a copy of the trial court's certification of appellant's right of appeal. *See* TEX. R. APP. P. 25.2(d), 37.1; *Ex parte Tarango*, 116 S.W.3d 201, 203 (Tex. App.—El Paso 2003, no pet.). This Court must dismiss the appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d), 37.1. However, the Texas Rules of Appellate Procedure permit amendment of a defective certification and prohibit us from dismissing an appeal based on the lack of a valid certification when we determine that an appellant has a right of appeal. *See id.* 25.2(f), 34.5(c)(2), 37.1, 44.4.

Accordingly, we abate the appeal and remand the case to the trial court to permit appellant to obtain, from the trial court, a signed, written order court on his application for a writ of habeas corpus. *See* TEX. R. APP. P. 44.4(b).

We additionally direct the trial court to immediately conduct a hearing at which a representative of the Fort Bend County District Attorney's Office and appellant's counsel, Stephen A. Doggett, shall be present. Appellant shall also be present for the hearing. We direct the trial court to:

1) execute a certification of appellant's right to appeal, indicating whether appellant has the right to appeal; and
2) make any other findings and recommendations the trial court deems appropriate.

*See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 37.1. The trial court coordinator shall set a hearing date and notify the parties. The trial court shall have a court reporter, or court recorder, record the hearing.

The trial court clerk is directed to file a supplemental clerk's record containing (1) any order signed by the trial, (2) the certification of appellant's right of appeal, and (3) any findings and recommendations the trial court deems appropriate. The supplemental clerk's record shall be filed with this Court no later than 30 days from the date of this order. *See* TEX. R. APP. P. 34.5(c)(2).

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature: /s/ Terry Jennings
☑ Acting individually    ☐ Acting for the Court

Date: August 8, 2017