COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:         Ex parte Austin Lyman Bishop

Appellate case number:       01-17-00923-CR

Trial court case number:     17486A

Trial court:                 21st District Court of Washington County

Appellant, Austin Lyman Bishop, has filed a notice of appeal of the trial court's denial of his application for a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West Supp. 2017). The clerk's record was filed in this Court on December 13, 2017. The clerk's record, however, does not include a signed, written order denying appellant's requested habeas relief or written findings of fact and conclusions of law. And, the clerk's record does not include a copy of the trial court's certification of appellant's right of appeal. *See* TEX. R. APP. P. 34.5(a)(12), 37.1.

Accordingly, we abate the appeal and remand the case to the trial court for appellant to obtain, from the trial court, a signed, written order on his application for a writ of habeas corpus and for the trial court to enter written findings of fact and conclusions of law, separate and apart from any docket sheet notations in this case, in conjunction with the denial of appellant's application for a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) ("If the court determines from the face of the application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous. In any other case, the trial court shall enter a written order including findings of fact and conclusions of law.").

We further direct the trial court to execute a certification of appellant's right to appeal that complies with Texas Rule of Appellate Procedure 25.2(d) and indicates whether appellant has the right to appeal.[1] *See* TEX. R. APP. P. 25.2(a)(2), (d). This Court

---

1    The clerk's record includes appellants "Notice of Appeal and Request for Certification of Right to Appeal" with the trial court's handwritten and signed note, "[i]f Court Appeals requests a certification of right to appeal, I will comply."

must dismiss the appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." *Id.* 25.2(d), 37.1; *Ex parte Tarango*, 116 S.W.3d 201, 203 (Tex. App.—El Paso 2003, no pet.). However, the Texas Rules of Appellate Procedure prohibit us from dismissing an appeal based on the lack of a valid certification when we determine that an appellant has a right of appeal. *See* TEX. R. APP. P. 25.2(f), 37.1, 44.4.

The trial court clerk is directed to file a supplemental clerk's record containing (1) the certification of appellant's right of appeal, (2) any signed order on appellant's application for a writ of habeas corpus, (3) the trial court's findings of fact and conclusions of law in conjunction with the denial of appellant's application for a writ of habeas corpus, and (4) any other findings or recommendations the trial court deems appropriate. The supplemental clerk's record shall be filed with this Court no later than 30 days from the date of this order. *See* TEX. R. APP. P. 34.5(c) (2).

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record, complying with this order, is filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature: /s/ Russell Lloyd

☑ Acting individually    ☐ Acting for the Court

Date: December 28, 2017