**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:         Alan Nelson Crotts v. The State of Texas

Appellate case number:     01-18-00666-CR

Trial court case number:    13-CCR-165781

Trial court:                        County Court at Law No. 3 of Fort Bend County

Appellant, Alan Nelson Crotts, has filed a notice of appeal of the trial court's "effective denial" of a motion for evidentiary hearing on his application for a writ of habeas corpus. *See* TEX. R. APP. P. 25.2(b), 27.1(b). The reporter's record filed in this appeal reflects that, on March 23, 2018, the trial court denied appellant's application. However, the clerk's record filed in this appeal does not include a signed, written order denying appellant's requested habeas relief or written findings of fact and conclusions of law. And, the clerk's record does not include a copy of the trial court's certification of appellant's right of appeal.

Accordingly, we abate the appeal and remand the case to the trial court for appellant to obtain, from the trial court, a signed, written order court on his application for a writ of habeas corpus and, if appropriate, for the trial court to enter written findings of fact and conclusions of law, separate and apart from any docket sheet notations in this case, in conjunction with the denial of appellant's application for a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) ("If the court determines from the face of the application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous. In any other case, the trial court shall enter a written order including findings of fact and conclusions of law.").

We further direct the trial court to execute a certification of appellant's right to appeal that complies with Texas Rule of Appellate Procedure 25.2(d) and indicates whether appellant has the right to appeal. *See* TEX. R. APP. P. 25.2(a) (2), (d), 37.1. This Court must dismiss the appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d); *Ex parte Tarango*, 116 S.W.3d 201, 203 (Tex. App.—El Paso 2003, no pet.). However,

the Texas Rules of Appellate Procedure prohibit us from dismissing an appeal based on the lack of a valid certification when we determine that an appellant has a right of appeal. *See* TEX. R. APP. P. 25.2(f), 34.5(c) (2), 37.1, 44.4.

The trial court clerk is directed to file a supplemental clerk's record containing (1) a certification of appellant's right of appeal, (2) any order signed by the trial court, (3) any trial court's findings of fact and conclusions of law in conjunction with the denial of appellant's application for a writ of habeas corpus, and (4) any other findings or recommendations the trial court deems appropriate. The supplemental clerk's record shall be filed with this Court no later than 30 days from the date of this order. *See* TEX. R. APP. P. 34.5(c) (2).

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court.

It is so ORDERED.


Judge's signature: __/s/ Terry Jennings____
                ☑ Acting individually    □ Acting for the Court


Date: November 15, 2018_____