COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Ex parte Donte Jayson Walker

Appellate case numbers:   01-21-00663-CR, 01-21-00664-CR, and 01-21-00665-CR

Trial court case number:    1740467, 1740469, and 1740470

Trial court:                       230th District Court of Harris County

Appellant, Donte Jayson Walker, has filed a notice of appeal of the trial court's November 8, 2021 denial of his applications for a writ of habeas corpus in trial court case numbers 1740467, 1740469, and 1740470. *See* TEX. R. APP. P. 25.2(b), 31. Walker's appeals were assigned appellate case numbers 01-21-00663-CR, 01-21-00664-CR, and 01-21-00665-CR, respectively. On December 1, 2021, the clerk's record was filed in these appeals.

The clerk's record in each appeal includes a copy of a certification of appellant's right of appeal, dated November 19, 2021, and signed by the Honorable Chris Morton, the presiding judge of the 230th District Court of Harris County, Walker, and Thomas B. DuPont II, Walker's trial counsel. However, the copy of the certification of appellant's right of appeal included in the clerk's record in each appeal does not indicate whether appellant has the right to appeal the trial court's November 8, 2021 orders denying his applications for writ of habeas corpus.

This Court must dismiss an appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d); *Ex parte Tarango*, 116 S.W.3d 201, 203 (Tex. App.—El Paso 2003, no pet.). However, the Texas Rules of Appellate Procedure prohibit us from dismissing an appeal based on the lack of a valid certification when we determine that an appellant has a right of appeal. *See* TEX. R. APP. P. 25.2(f), 34.5(c) (2), 37.1, 44.4.

Accordingly, in each trial court case number, we direct the trial court to execute a certification of appellant's right to appeal that conforms with Texas Rule of Appellate Procedure 25.2(d) and indicates whether appellant has the right to appeal. *See* TEX. R. APP. P. 25.2(a) (2), (d), 37.1. We direct the trial court clerk to file a supplemental clerk's record containing a certification of appellant's right of appeal, signed by all required parties, and

indicating whether appellant has the right to appeal. The trial court is further directed to file any other findings or recommendations the trial court deems appropriate. The supplemental clerk's record shall be filed with this Court no later than **twenty days** from the date of this order. *See* TEX. R. APP. P. 34.5(c) (2).

These appeals are abated, treated as closed cases, and removed from this Court's active docket. The appeals will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature: _____/s/ Amparo Guerra_____
       ☑ Acting individually    ☐ Acting for the Court

Date: ____December 14, 2021_____