COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:  Ex parte Matthew Leachman

Appellate case number:  01-22-00232-CR, 01-22-00233-CR, 01-22-00234-CR

Trial court case number:  1756174, 1756176, 1756173

Trial court:  248th District Court of Harris County

On March 25, 2022, Appellant Matthew Leachman filed notices of appeal of the trial court's denial of his applications for writ of habeas corpus in the above-referenced cause numbers. *See* TEX. CODE CRIM. PROC. art. 11.072. The clerk's records filed do not include a copy of the trial court's certification of Appellant's right to appeal the denial of his writs of habeas corpus. *See* TEX. R. APP. P. 25.2(a)(2), (d); 34.5(a)(12), 37.1.[1]  On April 11, 2022, Appellant filed a Motion for Abatement and Remand, asking this Court to abate and remand his appeals to the trial court for (1) entry of a certification of right to appeal, (2) for "proceedings, evidence, or factfinding on [his] motion for reconsideration," and (3) "for entry of meaningful findings of fact and conclusions of law on the factors the trial court utilized to deny personal bond and set bond at a total of $225,000."

We **GRANT Appellant's Motion IN PART and DENY IT IN PART**.  We **ABATE the current proceedings and REMAND** the appeals to the trial court **only** for further proceedings in connection with the certification of Appellant's right to appeal the denials of his writs of habeas corpus.  If the trial court already executed certifications of Appellant's right to appeal, the trial court clerk is directed to supplement the clerk's record with the certifications **within 10 days of the date of this order**.  If no certifications of Appellant's right to appeal have been executed, we direct the trial court to utilize whatever means necessary to secure a proper Certification of Appellant's Right to Appeal in compliance with Rules 25.2(a)(2) and 25.2(d)

---

[1]  This Court must dismiss the appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d); *see Ex parte Tarango*, 116 S.W.3d 201, 203 (Tex. App.—El Paso 2003, no pet.).  However, the Texas Rules of Appellate Procedure prohibit us from dismissing an appeal based on the lack of a valid certification when we determine that an appellant has a right of appeal.  *See* TEX. R. APP. P. 25.2(f), 34.5(c) (2), 37.1, 44.4.

and to supplemental the clerk's record with such executed certifications **no later than 30 days from the date of this order**. *See* TEX. R. APP. P. 25.2(a)(2), (d), 34.5(a)(12), (c)(2), 37.1.

We **DENY** Appellant's Motion to Abate and Remand in all other respects, including his request to have the trial court conduct "proceedings, evidence, or factfinding" on Appellant's motion for reconsideration or for "entry of meaningful findings of fact and conclusions of law on the factors the trial court utilized to deny [Appellant's] personal bond and set bond at a total of $225,000."

On April 18, 2022, Appellant also filed a Motion for Supplementation of Record, asserting the briefs he filed in support of his habeas applications were not included in the clerk's records filed in this Court because the clerk of the trial court inadvertently filed the briefs in the underlying criminal court proceedings, rather than in the habeas proceedings, which have distinct cause numbers. We **GRANT** Appellant's Motion for Supplementation of the clerk's records and **ORDER** the trial court to determine whether any briefs filed in support of Appellant's applications for habeas corpus were given the incorrect cause numbers and, if so, to make any necessary corrections. To the extent any briefs filed in support of Appellant's habeas applications are corrected to reflect cause numbers 1756174, 1756176 or 1756173, we **order** the clerk of the trial court to supplement the clerk's record(s) in the three habeas proceedings pending in this Court to include such briefs **within 30 days from the date of this order**.

In his Motion for Supplementation, Appellant also claims that the transcript from a September 3, 2021 hearing regarding Appellant's "difficulty of conducting [his] defense from the jail" is missing from the appellate record. Appellant's motion requesting technological assistance, which was heard during the September 3, 2021 hearing, is included in the clerk's record for each of the three habeas proceedings. Appellant requested that the reporter's record from the September 3, 2021 hearing also be included in the appellate record in each of the three habeas cases pending in this Court. We **ORDER** the trial court to determine whether the reporter's record in the pending habeas proceedings should be supplemented to include the transcript of the September 3, 2021 hearing, given that the motion heard during that hearing is already in the appellate record and the hearing transcript was requested. To the extent the trial court determines the reporter's record should be supplemented with the transcript of the September 3, 2021 hearing, we **order** the court reporter to supplement the reporter's record to include the transcript **within 30 days from the date of this order**.

The appeals are **ABATED**, treated as closed cases, and removed from this Court's active docket. The appeals will be reinstated on this Court's active docket **45 days** from the date of this Order**.**

It is so ORDERED.

Judge's signature: /s/ Veronica Rivas-Molloy
                              Acting individually


Date: May 19, 2022