COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



FIRST ORDER OF ABATEMENT

Appellate case name:        Ex parte Leslie Palomo

Appellate case number:     01-21-00707-CR

Trial court case number:    CV-0088967

Trial court:             County Court at Law No. 2 of Galveston County

Appellant, Leslie Palomo, timely filed a notice of appeal of the trial court's November 16, 2021 order denying her post-conviction application for writ of habeas corpus. *See* TEX. R. APP. P. 31.

On July 12, 2022, we directed the trial court to supplement the clerk's record with a certification of appellant's right to appeal that complies with Texas Rule of Appellate Procedure 25.2(d) and indicates whether appellant had the right to appeal from the trial court's order denying her application. *See* TEX. R. APP. P. 25.2(a)(2), (d), 37.1.

On July 21, 2022, a supplemental clerk's record was filed that included the trial court's signed order denying the habeas application. The supplemental clerk's record *did not* include a certification of appellant's right to appeal the trial court's order denying appellant's application for writ of habeas corpus. The county clerk informed this Court that this case "does not contain a signed certification of the appellant's right of appeal from the order denying appellant's habeas application," explaining that "the case is a civil matter."

The habeas corpus proceeding brought by Palomo under the Code of Criminal Procedure is a criminal proceeding, not civil. *Ex parte Tarango*, 116 S.W.3d 201, 202 (Tex. App.—El Paso 2003, no pet.); *Ex parte Rieck*, 144 S.W.3d 510, 516 (Tex. Crim. App. 2004); *Fowler v. State*, No. 01–12–00300–CR, 2013 WL 653276, at *1 (Tex. App.—Houston [1st Dist.] Feb. 21, 2013, no pet.) (mem. op.). Article 11.09 of the Code of Criminal Procedure authorizes writs of habeas corpus in misdemeanor cases. *See* TEX. CODE CRIM. PROC. art. 11.09.

The Rules of Appellate Procedure require the trial court to enter a certification of the defendant's right of appeal "each time it enters a judgment of guilt or other appealable order." TEX. R. APP. P. 25.2(a)(2). An order denying a post-conviction application for writ of habeas corpus is an appealable order. *Tarango*, 116 S.W.3d at 203.

Accordingly, we abate the appeal, and the trial court is directed to prepare and file its certification of appellant's right of appeal from the order denying appellant's application for writ of habeas corpus as required by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.2(a)(2), 44.4.

The trial court clerk is directed to file a supplemental clerk's record containing the certification of appellant's right of appeal from the order denying her application for writ of habeas corpus with this Court **no later than 20 days from the date of this order**. *See* TEX. R. APP. P. 34.5(c)(2).

**"The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record" under the Rules of Appellate Procedure. TEX. R. APP. P. 25.2(d). This order constitutes notice to all parties of the defect.** *See* **TEX. R. APP. P. 37.1.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. It will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court.

It is so ORDERED.


Judge's signature:  _____/s/ Sarah Beth Landau _____
                              Acting individually

Date:  August 16, 2022